UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES SPORTSMEN'S ALLIANCE FOUNDATION, *et al.*, <br> Plaintiffs, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, <br> Defendants. | No. 1:24-cv-818 <br><br> Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Plaintiffs United States Sportsmen's Alliance Foundation, George Guthrie, and Frieda Krpan's motion for a preliminary injunction. (ECF No. 8). Judge Berens issued a report and recommendation denying the motion. (ECF No. 18). Plaintiffs filed an objection to the report and recommendation. (ECF No. 19). Defendants Centers for Disease Control and Prevention, Department of Health and Human Services, Xavier Becerra, and Mandy Cohen filed a response in opposition. (ECF No. 21). Plaintiffs filed a reply. (ECF No. 22). The court will adopt the report and recommendation over Plaintiffs' objections.

I.

Plaintiffs want to import dogs into the United States. The CDC promogulated regulations that allegedly made importing dogs more difficult. Plaintiffs maintain that the Defendants acted beyond Congress's grant of statutory authority, engaged in arbitrary and capricious rulemaking, and damaged their businesses and organizations. Plaintiffs brought

1

this action to enjoin enforcement of the so called "Dog Rule." *See* 89 Fed. Reg. 41726. The report and recommendation rejected Plaintiffs' motion for a preliminary injunction because Plaintiffs failed to establish a likelihood of success on the merits on their claims. This court agrees.

The parties do not object to the factual findings of the R&R. Rather, Plaintiffs' objections turn on the legal analysis. Therefore, this court adopts the R&R's factual findings. (ECF No. 18 at PageID.258-64). The R&R also recited the proper standard for issuing a preliminary injunction. (*Id.* at PageID.264).

## II.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the

2

correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

### III.

Plaintiffs filed a substantial objection to the R&R. They reargue most legal issues originally raised in their initial brief. (ECF No. 8-1). This court will focus on those objections that point out specific issues with the R&R. General objections that relitigate every aspect of the R&R will be rejected. *Fharmacy Recs.*, 465 F. App'x at 456; *Miller*, 50 F.3d 380.

To justify a preliminary injunction, a court typically considers four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the injunction. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

A plaintiff "is always required to demonstrate more than the mere 'possibility' of success on the merits." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *Gonzales v. Nat'l. Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (stating that "a finding that there is simply no likelihood of success on the merits is usually fatal"). The R&R concluded that Plaintiffs were not able to show a likelihood of success on the merits because the CDC did not exceed its statutory authority, and the Dog Rule was not arbitrary and capricious. (ECF No. 18 at PageID.265-77). Plaintiffs challenge those findings.

The revised Dog Rule, promulgated on May 13, 2024, required all dogs entering the United States to (1) be microchipped; (2) be at least six months old; and (3) have a CDC Dog Import form. 89 Fed. Reg. 41726; *see also* 42 C.F.R. § 71.51.

   A. Objections Regarding Statutory Authority

      1. Inspections under § 264(a)

Plaintiffs argue that the R&R erred when it held that age and microchip requirements are "inspections" under § 264(a). Beginning with the text, the CDC relied on the following provision:

> The [CDC], with the approval of the Secretary [of HHS], is authorized to make and enforce such regulations as in his judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or possessions, or from one State or possession into any other State or possession. For purposes of carrying out and enforcing such regulations, the Surgeon General may provide for such inspection, fumigation, disinfection, sanitation, pest extermination, destruction of animals or articles found to be so infected or contaminated as to be sources of dangerous infection to human beings, and other measures, as in his judgment may be necessary.

42 U.S.C. § 264(a). Plaintiffs argue that the text of Section 264(a) does not convey the authority to the CDC to promulgate rules necessary to carry out and facilitate inspections related to stopping the spread of communicable diseases.

Contrary to that point, the Supreme Court clarified that the CDC can—so long as the "measures directly relate to preventing the interstate spread of disease by identifying, isolating, and destroying the disease itself." *Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 763 (2021) (explaining that a moratorium on evictions did not directly relate to preventing the spread of COVID-19). The CDC could not, however, rely

4

on the text of Section 264 to impose an "unprecedented" nationwide eviction moratorium because that measure was not directly related to "inspection, fumigation, disinfection, sanitation, pest extermination, and destruction of contaminated animals and articles." *Id.* at 763.

The R&R concluded that the Dog Rule was not ultra vires because it is much closer than the eviction moratorium to the text and purpose of § 264(a). The Dog Rule is directly related to policing the import of dogs with rabies into the United States because it facilitates inspections. The age requirement ensures dogs are coordinated enough to be screened for rabies symptoms, which help identify a communicable disease. The microchip requirement helps the CDC identify and isolate rabies by providing access to health records, which indicate whether a dog came from a high-risk country. Unlike the unprecedented nature of the eviction moratorium, Plaintiffs cannot assert that the regulation of dog imports is something new. "Since at least 1956, Federal quarantine regulations . . . have controlled the entry of dogs and cats into the United States." 89 Fed. Reg. 41790 The R&R did not err in distinguishing *Alabama Association of Realtors* from the instant case.

2. § 264(a)'s Catchall Phrase

The R&R also noted that Section 264(a)'s catchall phrase provision for "other measures, as in [the CDC's] judgment may be necessary" provides additional room for regulation, making the Dog Rule a more valid exercise of rulemaking authority. 42 U.S.C. § 264(a).

First, Plaintiffs assert the R&R erred in providing the CDC a "lifeline" alternative source of authority. (ECF No. 19 at PageID.292). This court disagrees. Rather, the R&R

5

permissibly relied on the entire text of Section 264(a) instead of adopting Plaintiffs' piecemeal reading of the statute. When interpreting a statute, every word must be given meaning. *United States v. Wilkes*, 78 F.4th 272, 280 (6th Cir. 2023).

Second, Plaintiffs assert that the R&R construed the statute erroneously under multiple cannons of construction. Plaintiffs invoke *ejusdem generis* in their objection for the first time. *Compare* (ECF Nos. 8-1, 12) *with* (ECF No. 19). Plaintiffs cannot assert new or forgotten arguments when they object to an R&R; *ejusdem generis* was not discussed in the R&R. This court's review is limited to the objections to the R&R. The court rejects Plaintiffs' *ejusdem generis* argument.

Third, Plaintiffs object to the R&R's finding that the Dog Rule does not implicate the major question doctrine. Plaintiffs fail to cite any authority for the proposition that dog imports concern "deep 'economic and political significance.'" *King v. Burwell*, 576 U.S. 473, 486 (2015) (quoting *Util. Air Regul. Grp. v. E.P.A.*, 573 U.S. 302, 324 (2014)). Rather, Plaintiffs couch this argument as the "power to say what items can come into the country." (ECF No. 19 at PageID.293) (citing $3.36 trillion worth of American imports). The Dog Rule, however, does not regulate trillions of dollars of goods. It simply provides the government with an opportunity to inspect dogs.

Next, regarding Plaintiffs' non-delegation doctrine argument, they fail to acknowledge the R&R's finding that the limiting language of the second sentence of Section 264(a) necessarily helps articulate an intelligible principle. "[S]tatutory language has meaning only in context." *Kentucky v. Biden*, 23 F.4th 585, 603 (6th Cir. 2022) (brackets and citation omitted); *see also Keen v. Helson*, 930 F.3d 799, 803 (6th Cir. 2019) (explaining that

6

statutory interpretation is a "holistic endeavor," in which context, structure, and wording can all "help clarify the meaning of an isolated term" (citation omitted)). Plaintiffs' non-delegation argument only becomes plausible if the court were to ignore the text.

The CDC can pass rules implicating inspection, fumigation, disinfection, sanitation, pest extermination and other similar measures. Plaintiffs' assertion to the contrary ignores the Supreme Court's "directly related" language discussed above. Again, unlike in *Alabama Association of Realtors*, the nexus of age and microchip requirements here is much closer to the text of the statute than a nationwide eviction moratorium. "Regulations under [§ 264(a)] have generally been limited to quarantining infected individuals and prohibiting the import or sale of animals known to transmit disease." *Alabama Ass'n of Realtors*, 594 U.S. at 761. The Dog Rule regulates the import and the sale of animals known to transmit disease.

Plaintiffs also assert that the Dog Rule never previously banned entries and that it only set conditions upon which dogs could enter the country. This is a distinction without a difference. The age and microchip requirements are merely conditions. Or the opposite was true: if the dogs did not meet the conditions under the old dog rule, they would be barred from entering the United States. *See* 42 C.F.R. § 71.51 (1985) (requiring a valid rabies vaccination certificate unless the dog was less than sixth months old or had only been in rabies free countries).

3. AWA and § 265

Plaintiffs argue that Defendants' position becomes indefensible when read with other statutory provisions, like the Animal Welfare Act ("AWA") and 42 U.S.C. § 265. But as explained in the R&R, these provisions complement, and do not conflict with, Section 264(a).

The Dog Rule pertains to general inspection requirements under Section 264(a) rather than a country specific prohibition on the introduction of persons or property under Section 265. And as the R&R made clear, the AWA and Section 264(a) address different concerns. The AWA ensures that animals are provided with humane treatment in research facilities and in commerce. 7 U.S.C. § 2131. The Public Health Service Act, which includes Sections 264 and 265, is a more general public health act.

Plaintiffs also argue that the CDC does not have authority to regulate dog imports under the AWA because that authority rests with the Department of Agriculture. But the CDC is not regulating dog imports pursuant to the AWA. *See* 89 Fed. Reg. 41727 ("Establishing a six-month requirement for the import of dogs aligns with current USDA requirements for commercial dog imports under the Animal Welfare Act and will better protect the public's health from rabies."). The CDC merely brought its standards in accordance with the AWA—not as a source of authority—but as another regulatory guidepost.

B. Objections Regarding Arbitrary and Capricious Rulemaking

Plaintiffs next contend that if the Dog Rule is authorized by statute, it is arbitrary and capricious and based on unreasoned decision-making. Plaintiffs assert that the age requirement and microchip requirement are not defensible or based on reasoned decision-making. Plaintiffs also insist that the CDC did not explain its departure from past practices well enough.

Under the Administrative Procedure Act, a court reviews an agency decision for whether it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The scope of review under the 'arbitrary and capricious'

8

standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The agency must, however, articulate a "rational connection between the facts found and the choice made." *Id.* at 43. Judicial review is limited to the administrative record before the agency at the time of its decision. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419–20 (1971).

Plaintiffs' objections regarding the reasonableness of the revised Dog Rule simply rehash their arguments set forth in their original briefing. While Plaintiffs maintain their original position, they do not point to specific factual or legal errors in the R&R. Rather, Plaintiffs reassert their prior arguments and opine that the R&R erred. These "recitations of nearly identical arguments are insufficient as objections and constitute an improper 'second bite at the apple'", "undermin[ing] the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, No. 1:12-cv-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (citing *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992), *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

There are several rational connections between the facts in the administrative record and the revised Dog Rule. As for the sixth month requirement, the CDC has documented instances of importers lying about whether dogs originated from a high-risk country. And as it relates to imposing the requirement on imported dogs from low-risk counties, there is evidence that a rabid dog was diverted from Egypt (a high-risk country) through Canada (a

9

low-risk country). The age requirement also protects the "welfare of the dog during international travel" when they are subjected to the stresses like "long travel times, temperature fluctuations, oxygen or altitude changes, and food/water deprivation." 89 Fed. Reg. 41789.

Likewise, the microchip requirement prohibits importers from misrepresenting a dog's home country. The instances of diverted dogs and fraud provide rational reasons for the sixth month age and microchip requirements. The court has reviewed the R&R's arbitrary and capricious discussion as well as the parties' filings. The court finds that the R&R is sound and the Dog Rule is not arbitrary and capricious.

C. Objections Beyond the Scope of the R&R

Plaintiffs object because the R&R did not assess the other factors related to the preliminary injunction analysis. (ECF No. 19 at PageID.314-20). The R&R concluded its analysis after determining that Plaintiffs failed to show a likelihood of success on the merits. It was proper to do so because the first factor typically determines the entire preliminary injunction analysis. *See Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020) (citing *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689 (6th Cir. 2014)). Plaintiffs' remaining objections are beyond the scope of the R&R and are thus improper. Accordingly, those objections are rejected.

## IV.

The court has reviewed this matter, the report and recommendation, and the parties' filings. Where appropriate, the court has conducted a de novo review of the issues raised, and this court agrees with the analysis conducted by Judge Berens.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 18) is **ADOPTED** by the court. Plaintiffs' motion for a preliminary injunction (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' objection to the report and recommendation (ECF No. 19) is **DENIED**.

**IT IS SO ORDERED.**

Date: April 22, 2025              /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  United States District Judge